# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NA'IL CHARLES DOWNEY,<br><br>         Petitioner,<br>vs.<br><br>MATTHEW CATE, and JERRY BROWN,<br><br>         Respondents. | CASE NO. 07-CV-942 JLS (POR)<br><br>**ORDER: (1) ADOPTING THE REPORT AND RECOMMENDATION, AND (2) DENYING THE HABEAS CORPUS PETITION**<br><br>(Doc. No. 10) |

Presently before the Court is Na'il Charles Downey's (Petitioner) petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1 ("Petition")[1].) The petition challenges the constitutionality of Petitioner's conviction on four grounds. Also before this Court is Magistrate Judge Louisa S. Porter's Report and Recommendation (R&R) advising this Court to deny petition, (Doc. No. 10 ("R&R").) and Petitioner's objections. (Doc. No. 17 ("Objections").) For the following reasons, the Court **ADOPTS** the report and recommendation and **DISMISSES** the petition.

### FACTUAL BACKGROUND

Magistrate Judge Porter's R&R contains a thorough and accurate recitation of the facts underlying Petitioner's conviction and state court trial. (R&R, at 1–5.) This Order incorporates by reference the facts as set forth in the R&R.

---

[1] Pinpoint citations to the petition will refer to the page number assigned by CM/ECF.

## PROCEDURAL HISTORY

Petitioner filed the instant petition on May 23, 2007, claiming that (1) the trial court's jury instructions were inadequate, (Petition, at 6 & 8) (2) there was insufficient evidence at trial to support a jury finding of specific intent, (Id., at 7) and (3) that his counsel was constitutionally inadequate. (Id., at 9.) On August 3, 2007, Respondent filed a response to the petition. (Doc. No. 7.) Magistrate Judge Porter issued her R&R recommending that the Court deny the petition on September 24, 2008. (Doc. No. 8.) Petitioner lodged his objections on January 23, 2009. (Doc. No. 17.)

## LEGAL STANDARDS

### I. REVIEW OF THE REPORT AND RECOMMENDATION

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. 636(b)(1)(c); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

### II. REVIEW OF HABEAS CORPUS PETITIONS UNDER 28 U.S.C. § 2254

Magistrate Judge Porter correctly stated the governing legal standard in her R&R. (R&R, at 5–6.) Pursuant to 28 U.S.C. § 2254(a), this Court may only review claims within an application for a writ of habeas corpus based "on the ground that [the Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." Where the Petitioner is "in custody pursuant to the judgment of a State court," this Court may only grant the petition if "

> the adjudication of the claim [either] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), federal law must be "clearly established," that is a holding of a Supreme Court decision as of the time of the state court decision, in order to support a habeas claim. Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision may be "contrary to" clearly established

1  precedent in two circumstances: (1) "if the state court applies a rule that contradicts the governing law
2  set forth in" decisions of the Supreme Court, or (2) where "the state court confronts a set of facts that
3  are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at
4  a result different from [Supreme Court] precedent." Id., at 405–06.

5  Similarly, a state court decision involves an "unreasonable application" of clearly established
6  law in two general cases.  The "unreasonable application" test is satisfied if either (1) "the state court
7  identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies
8  it to the facts of the particular state prisoner's case," or (2) it "either unreasonably extends a legal
9  principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably
10 refuses to extend that principle to a new context where it should apply." Id., at 407.  Under the
11 unreasonable application prong, "[i]t is not enough that a federal habeas court, in its 'independent
12 review of the legal question,' is left with a 'firm conviction' that the state court was 'erroneous.'"
13 Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted).  "'[A] federal habeas court may not
14 issue the writ simply because that court concludes in its independent judgment that the relevant state-
15 court decision applied clearly established federal law erroneously or incorrectly.'  Rather, that
16 application must be objectively unreasonable." Id., at 75–76 (citations omitted).

17 Finally, § 2254 authorizes habeas relief where the state court's adjudication of a claim
18 "resulted in a decision that was based on an unreasonable determination of the facts in light of the
19 evidence presented in state court." 28 U.S.C.A. § 2254(d)(2).  This provision requires the petitioner
20 to demonstrate by clear and convincing that the factual findings upon which the state court's
21 adjudication of his claims rest are objectively unreasonable. Miller-El v. Cockrell, 537 U.S. 322, 340
22 (2003).

23 In this case, because the California Supreme Court summarily rejected petitioner's claims, the
24 Court "looks through" to the appellate court's decision. Ylst v. Nunnemaker, 501 U.S. 797, 803–04
25 (1991).  Where "the state court supplies no reasoned decision," the Court must "perform an
26 'independent review of the record' to ascertain whether the state court decision was objectively
27 unreasonable.  Independent review of the record is not de novo review of the constitutional issue, but
28 rather, the only method by which we can determine whether a silent state court decision is objectively

unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003) (quoting Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by Lockyer v. Andrade, 538 U.S. 797 (2003)).

## ANALYSIS

Magistrate Judge Porter found that none of Petitioner's constitutional claims were meritorious. Petitioner objects to the R&R, essentially re-arguing the case that he made in his petition. The Court has reviewed the materials in this case *de novo* and finds that this petition must be denied. Magistrate Judge Porter's R&R correctly identifies the facts, and legal standards governing this case and comes to the proper conclusion. Therefore, the Court **ADOPTS IN FULL** the R&R.

### I.   FAILURE TO INSTRUCT THE JURY ON WHETHER ANGEL PARRISON WAS AN ACCOMPLICE

Petitioner claims that the trial court committed constitutional error by not instructing the jury to determine whether Angel Parrison was an accomplice. Petitioner also raised this claim on direct appeal to the California Court of Appeal. (Lodgment 5, at 24–27.) That court found that "there was no evidence to support a finding that [Ms. Parrison] was an accomplice." (Id., at 26) For that reason, the court held that the trial court did not err by refusing to instruct the jury on determining whether Ms. Parrison was an accomplice. (Id., at 26–27.)

Under clearly established United States Supreme Court precedent, a jury instruction that is "allegedly incorrect under state law is not a basis for habeas relief." Estelle v. McGuire, 502 U.S. 62, 71–72 (1991). Instead, "[t]he only question . . . is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Id., at 72 (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). Courts make this determination by judging instructions "in context of the instructions as a whole and the trial record." Id.

As Judge Porter correctly found, the California Court of Appeal's decision is not contrary to, or an unreasonable application of, this clearly established federal law. (R&R, at 7.) The Court of Appeal was not unreasonable in finding that there was no evidence supporting the claim that Ms. Parrison was an accomplice. Without evidence to support such a finding, there can be no reasonable argument that this failure to instruct "had [a] substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) This lack of an

1 instruct did not "infected the entire trial" and thus did not violate Petitioner's due process rights.
2 Estelle, 502 U.S. at 72.

## II. EVIDENCE SUPPORTING PETITIONER'S SPECIFIC INTENT

Petitioner, on his second ground, argues that at trial, there was insufficient evidence supporting the jury's finding that he had the specific intent to kill for his attempted murder convictions. (Petition, at 7.) Petitioner argues that "there was evidence that the gun was pointed towards the ground which clearly states no intent to harm anyone." (Objections, at 5.) Petitioner argues that to be guilty of attempted murder, the defendant "must intend to kill the alleged victim [and] not someone else." (Id.)

The due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt in every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 3358, 364 (1970). In determining if there was a due process violation, the court must analyze all of the evidence "in the light most favorable to the prosecution" and determine if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). However, in the habeas context, the question is whether the last state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." Thus, this Court must look to the California Court of Appeal to determine if it was contrary to or unreasonably applied the Supreme Court's holdings in Winship and Jackson.

The Court of Appeal decision was not contrary to or an unreasonable application of clearly established Federal law. That Court correctly identified the standard in Jackson, and found that "there was substantial evidence to support the jury's finding that [Petitioner] was guilty of" attempted murder. (Lodgment No. 5 at 10 & 15.) As thoroughly detailed in Magistrate Judge Porter's R&R, the Court of Appeal correctly found that there were three bases under which the jury could find intent. (R&R, at 9.) Sufficient intent for attempted murder under California law may be either the desire to cause the death of the victim or "know[ledge], to a substantial certainty that the [death] will occur." (Lodgment No. 5, at 11 (citation omitted).) In this case, the jury could have found that Petitioner had the requisite intent by: (1) Petitioner pointing the gun at Skyline members when he fired, (2) Petitioner knew the Skyline gang members would be at the park and brought his gun intending for a fight that

would allow him to kill, or (3) Petitioner intending to kill a specific Skyline member by killing everyone in the "kill zone." (Id., at 12–15.) Thus, the Court of Appeal applied the correct federal standard and reasonably found that there was sufficient evidence of intent. Given this plainly correct application of federal law, Petitioner is not entitled to habeas relief on this ground.

### III. INADEQUATE ATTEMPTED MURDER INSTRUCTIONS

Plaintiff again focuses on the jury instructions in his third ground for relief. In this case, Petitioner argues that the attempted murder instructions were constitutionally deficient. (Petition, at 8.) He claims that the instructions, combined with the prosecutor's closing argument, "allowed the jury to convict . . . based on a 'transferred intent' theory." (Id.)

As stated in section I, and in the R&R, Estelle is the clearly established federal law related to jury instructions. (R&R, at 10.) Thus, the question "is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Estelle, 502 U.S. at 72. Moreover, the court must ask "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." Id. The Court of Appeal properly identified and applied this rule. (Lodgment No. 5, at 33.) It found that "[a]lthough the prosecutor may have inartfully argued the concept of concurrent intent in closing, the court properly instructed the jury on the necessary elements of attempted murder and [Petitioner] did not request further clarifying instruction or claim any misconduct in the prosecutor's argument." (Id., at 28.) As such, the Court of Appeal's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, Petitioner argues that his counsel was constitutionally deficient. (Petition, at 9.) Specifically, Petitioner's counsel failed to object to the prosecutor's closing argument when he explained the concept of concurrent intent. (Id., at 19–20.)

As properly stated by Magistrate Judge Porter, the Court reviews ineffective assistance of counsel claims under the two part test of Strickland v. Washington, 466 U.S. 668 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," or "made errors so serious that counsel was not functioning as the 'counsel'

1 guaranteed . . . by the Sixth Amendment." Id. at 687–88. In this evaluation, there is a "strong 2 presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 3 Id., at 689. Second, "the [petitioner] must show that the deficient performance prejudiced the 4 defense," and "deprive[d] the [petitioner] of a fair trial, a trial whose result is reliable." Id. at 687. 5 Unless Petitioner "makes both showings, it cannot be said that the conviction . . . resulted from a 6 breakdown in the adversary process that renders the result unreliable." Id. at 687. Finally, this 7 investigation "must be highly deferential." Id., at 689.

8 The California Court of Appeal found this argument to be without merit. (Lodgment No. 5, 9 at 44–45.) That decision properly identified the governing legal standard, and found that Petitioner 10 had not shown prejudice "because there is no reasonable probability that had counsel objected, that 11 the jury would have rendered a more favorable verdict." (Id.) That was because "had there been an 12 objection that the argument was confusing, the matter would have likely been clarified . . . and the jury 13 instructed on CALJIC No. 8.66.1 for which there was sufficient evidence" to support Petitioner's 14 conviction on this theory. (Id., at 45.) This decision is neither contrary to nor an unreasonable 15 application of federal law. Therefore, Petitioner is not entitled to habeas relief on this ground.

## CONCLUSION

17 For the reasons stated above, Petitioner has not shown that he is entitled to habeas relief on 18 any ground set forth in his Petition. Therefore, this Court **ADOPTS IN FULL** Magistrate Judge 19 Porter's report and recommendations. The petition is hereby **DENIED WITH PREJUDICE**. The 20 Clerk shall close the file.

21 IT IS SO ORDERED.

23 DATED: March 18, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge